

NORTHERN DISTRICT OF TEXAS
FILED

**EC** 2 8 2016

CLERK, U.S. DISTRICT COURT

By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ROBERT ALLEN SMITH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:15-CV-967-A |
| | § | |
| VERIZON,[1] | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendant, Verizon[1],

for summary judgment. The court, having considered the motion,

the response of plaintiff, Robert Allen Smith, the record, the

summary judgment evidence, and applicable authorities, finds that

the motion should be granted.

I.

## Plaintiff's Claims

On December 21, 2015, plaintiff filed his original complaint

asserting causes of action for violation of the Fair Debt

Collection Practices Act, 15 U.S.C. §§ 1692 to 1692p ("FDCPA"),

violation of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 to

1681x ("FCRA"), negligent enablement of identity theft, fraud,

and defamation. Plaintiff alleges that defendant is a debt

collector which falsely reported to three major credit reporting

bureaus in January 2013 that plaintiff had an account in default.

---

[1]Cellco Partnership d/b/a Verizon Wireless says that it has been misnamed as "Verizon."

Further, he says that defendant failed to validate the debt when requested to do so. Plaintiff seeks to recover statutory penalties totaling $25,000.

## II.

## Grounds of the Motion

In support of its motion, defendant alleges that it is not a debt collector within the meaning of the FDCPA. Further, there is no genuine issue of material fact as to any of plaintiff's claims. And, alternatively, plaintiff's claims based on negligence, defamation, and some of the FDCPA claims are barred by limitations.

## III.

## Applicable Legal Principles

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim or defense if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).  The movant bears the initial burden of pointing out to the court that there is no genuine dispute as to any material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986). The movant can discharge this burden by pointing out the absence of evidence supporting one or more essential elements of the

2

nonmoving party's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323. Once the movant has carried its burden under Rule 56(a), the nonmoving party must identify evidence in the record that creates a genuine dispute as to each of the challenged elements of its case. Id. at 324; see also Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."). If the evidence identified could not lead a rational trier of fact to find in favor of the nonmoving party as to each essential element of the nonmoving party's case, there is no genuine dispute for trial and summary judgment is appropriate. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 597 (1986). In Mississippi Prot. & Advocacy Sys., Inc. v. Cotten, the Fifth Circuit explained:

> Where the record, including affidavits, interrogatories, admissions, and depositions could not, as a whole, lead a rational trier of fact to find for the nonmoving party, there is no issue for trial.

929 F.2d 1054, 1058 (5th Cir. 1991).

The standard for granting a motion for summary judgment is the same as the standard for rendering judgment as a matter of

law.[2] <u>Celotex Corp.</u>, 477 U.S. at 323.   If the record taken as a

whole could not lead a rational trier of fact to find for the

non-moving party, there is no genuine issue for trial.

<u>Matsushita</u>, 475 U.S. at 597; <u>see also</u> <u>Mississippi Prot. &</u>

<u>Advocacy Sys.</u>, 929 F.2d at 1058.

IV.

<u>Analysis</u>

A.   <u>FDCPA</u>

In order to be liable under the FDCPA, defendant must be a

debt collector. If it is not, then there is no cause of action

under that statute. <u>Richard v. Santander Consumer USA, Inc.</u>, No.

4:11-CV-643-A, 2011 WL 6202238, at *3 (N.D. Tex. Dec. 13, 2011).

The term "debt collector" under the FDCPA does not include a

consumer's creditors or an assignee of the debt if the debt was

not in default at the time of the assignment. <u>Id.</u> at *2. Here,

both parties agree that defendant was not a creditor of

plaintiff's, although plaintiff alleges that defendant purported

to act as a creditor. However, there is no summary judgment

evidence that defendant attempted to collect any debt from

plaintiff. At most, it appears that defendant, as a consumer

creditor, reported a debtor with a name similar to plaintiff's to

---

[2]In <u>Boeing Co. v. Shipman</u>, 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc), the Fifth Circuit explained the standard to be applied in determining whether the court should enter judgment on motions for directed verdict or for judgment notwithstanding the verdict.

credit reporting agencies. Because defendant's actions were not as a debt collector, there can be no liability under the FDCPA.

B.    Other Claims

Plaintiff does not specifically address the remaining grounds of defendant's motion, except with regard to limitations. But, assuming limitations has not run, plaintiff has not come forward with summary judgment evidence to raise genuine fact issues as to his claims under the FCRA and for negligence, fraud, and defamation. As stated, plaintiff has not shown that defendant reported any information about him to credit reporting agencies. He can only speculate that defendant did so because his social security number appeared on credit reports at one time. But there is no reason to believe that the reporting agencies themselves did not attach the social security number to the account, especially since the same address appears on all the reports. The court further notes that it is inconceivable that plaintiff was damaged by any act of defendant given that the report attached to plaintiff's complaint reflects two other very large accounts that were delinquent and eventually written off. The $195 shown as the Verizon balance pales in comparison.

V.

<u>Order</u>

The court ORDERS that defendant's motion for summary judgment be, and is hereby, granted; that plaintiff take nothing on his claims against defendant; and that such claims be, and are hereby, dismissed.

SIGNED December 28, 2016.

_____
JOHN McBRYDE
United States District Judge

6